IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>**HASSANBUNHUSSEIN ABOLORE LAWAL**<br>a/k/a "Bellajannet28,"<br>a/k/a "Bellajannet30,"<br>a/k/a "Aliceconnor566,"<br>a/k/a "Lawal Hassan," | Criminal No: 0:23-cr-850-MGL<br><br>**PLEA AGREEMENT** |

**General Provisions**

This PLEA AGREEMENT is made this 5 day of Nov., 2026, between the United States of America, as represented by United States Attorney BRYAN P. STIRLING, Assistant United States Attorneys Elliott B. Daniels and Elle E. Klein; the Defendant, **Hassanbunhussein Abolore Lawal, a/k/a "Bellajannet28," a/k/a "Bellajannet30," a/k/a "Aliceconnor566," a/k/a "Lawal Hassan," a/k/a "Hassan Lawal,"** and Defendant's attorney, Assistant Federal Public Defender Katherine Evatt, Esq. and Josh Kenrick, Esq. IN CONSIDERATION of the mutual promises made herein, the parties agree as follows:

1. The Defendant agrees to plead guilty to the following charges associated with the Indictment now pending: (1) Count 1 lesser included, which charges "***Production of Child Pornography***," a violation of 18 U.S.C. § 2251(a), 2251(e); and (4) Count 4, which charges "***Cyberstalking Resulting in Death***," a violation of 18 U.S.C. § 2261A(2)(A), 2261A(2)(B), 2261(b).

In order to sustain its burden of proof, the Government is required to prove the following:

**Count 1**
***Production of Child Pornography***

A. First, the defendant employed, used, persuaded, induced, enticed, or coerced any minor to engage in any sexually explicit conduct;

B. Second, the defendant did so for the purpose of either producing any visual depiction of such sexually explicit conduct or transmitting a live visual depiction of such sexually explicit conduct; and

C. Third, the defendant knew or had reason to know that such visual depiction would be transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed.

*The penalty for this offense is*:

| | |
|---|---|
| Term of Imprisonment: | Mandatory minimum of 15 years and a maximum of 30 years |
| Maximum Fine Amount: | $250,000 |
| Supervised Release: | Mandatory minimum of 5 years; maximum of lifetime |
| Mandatory Special Assessment: | $100 |
| Additional Special Assessment: | $5,000 |

**Count 4**
***Cyberstalking Resulting in Death***

A. First, the defendant, with intent to **harass, intimidate**, kill, or injure;

B. Second, used a facility of interstate commerce (including electronic communication services);

C. Third, to engage in a course of conduct;

D. Fourth, the course of conduct placed the victim in reasonable fear of death or serious bodily injury, or caused, attempts to caused, or would be reasonably expected to cause substantial emotional distress;

E. The death of a person resulted.

*The penalty for this offense is*:

If serious death to the victim results, for life or any term of years, plus a fine of $250,000, or both, a term of supervised release of not more than five (5) years, plus a special assessment of $100.

2. The Defendant understands and agrees that monetary penalties [i.e., special assessments, restitution, fines and other payments required under the sentence] imposed by the Court are due and payable immediately and subject to enforcement by the United States as civil judgments, pursuant to 18 U.S.C. § 3613. In the event the Court imposes a schedule for payment of restitution, the Defendant also understands that payments made in accordance with installment schedules set by the Court are minimum payments only and do not preclude the Government from seeking to enforce the judgment against other assets of the Defendant at any time, as provided in 18 U.S.C. §§ 3612, 3613 and 3664(m). The Defendant further agrees to enter into the Bureau of Prisons Inmate Financial Repayment Program if sentenced to a term of incarceration with an unsatisfied monetary penalty. The Defendant further understands that any monetary penalty imposed is not dischargeable in bankruptcy.

A. *Special Assessment*: Pursuant to 18 U.S.C. § 3013, the Defendant must pay a special assessment of $100.00 for each felony count for which he/she is convicted. This special assessment must be paid as directed by the Court or during participation in the Bureau of Prisons Inmate Financial Repayment Program if this plea results in incarceration.

B. *Restitution*: The Defendant agrees to make full restitution under 18 U.S.C. § 3556 in an amount to be determined by the Court at the time of sentencing, which amount is not limited to the count(s) to which the Defendant pled guilty, but will include restitution to each and every identifiable victim who may have been harmed by his scheme or pattern of criminal activity, pursuant to 18 U.S.C. § 3663. The Defendant agrees to cooperate fully with the Government in identifying all victims. Upon demand, the Defendant shall submit a personal financial statement under oath and submit to interviews by the government and the U.S. Probation Office regarding the Defendant's capacity to satisfy any fines or restitution. The Defendant expressly authorizes the U.S. Attorney's Office to immediately obtain a credit report on the Defendant in order to evaluate the Defendant's ability to satisfy any financial obligation imposed by the Court. The Defendant understands that the Defendant has a continuing obligation to pay in full as soon as possible any financial obligation imposed by the Court.

C. *Fines*: The Defendant understands that the Court may impose a fine pursuant to 18 U.S.C. §§ 3571 and 3572.

D. *Special Assessment for Trafficking Victims' Fund*: The Defendant also understands that unless the Sentencing Court finds the Defendant to be indigent, an additional mandatory special assessment of $5,000 will be imposed, pursuant to 18 U.S.C. §§ 3013 and 3014. This assessment is due after all other fines, orders of restitution, and any other victim-compensation obligation arising out of the criminal conviction have been paid.

3. Provided the Defendant complies with all the terms of this Agreement, the United States agrees to move to dismiss the remaining counts of the Indictment [and any other indictments under this number] at sentencing. The Defendant understands that the Court may consider these dismissed counts as relevant conduct pursuant to §1B1.3 of the United States Sentencing Commission Guidelines.

4. The Defendant understands that if the Defendant is not a United States citizen, the felony conviction in this case may subject the Defendant to removal, also known as deportation, which may, under some circumstances, be mandatory. The court cannot, and the Defendant's attorney also may not be able to, advise the Defendant fully regarding the immigration consequences of the felony conviction in this case. The Defendant understands that by entering a guilty plea, the Defendant waives any claim that unexpected immigration consequences may render the Defendant's guilty plea invalid.

5. The Defendant understands that the obligations of the Government within the Plea Agreement are expressly contingent upon the Defendant's abiding by federal and state laws and complying with any bond executed in this case. In the event that the Defendant fails to comply with any of the provisions of this Agreement, either express or implied, the Government will have the right, at its sole election, to void all of its obligations under this

Agreement and the Defendant will not have any right to withdraw his/her plea of guilty to the offense(s) enumerated herein.

**Forfeiture**

6. The Defendant agrees to voluntarily surrender to, and not to contest the forfeiture by, the United States of America of any and all assets and property, or portions thereof, owned or purchased by the Defendant which are subject to forfeiture pursuant to any provision of law and which are in the possession or control of the Defendant or Defendant's nominees. The assets to be forfeited specifically include, but are not limited to, a money judgment in an amount to be determined by the Court, representing the amount of gross proceeds of the offense(s) of conviction. Specifically, the Defendant agrees to voluntarily surrender, and not contest the forfeiture of property identified in the Information and any forfeiture Bill of Particulars.

7. The Defendant agrees to voluntarily surrender to, and not to contest the forfeiture of any and all assets and property, or portions thereof, which are subject to forfeiture pursuant to any provision of law, including but not limited to, property in the possession or control of the Defendant or Defendant's nominees. Specifically, the Defendant agrees to voluntarily surrender, and not contest the forfeiture of property identified in the Indictment, and any forfeiture Bill of Particulars, to include any interest he has the property listed in the Forfeiture allegation of the pending Indictment. With regard to each and every asset listed in the Indictment or seized in a related investigation or administrative, state, or local action, the Defendant stipulates and agrees:

8. Following the entry of this Plea Agreement, the Defendant agrees to the Court's prompt entry of a Preliminary Order of Forfeiture incorporating a money judgment as mandated

by Federal Rule of Criminal Procedure 32.2, which shall in any event, be submitted for entry before sentencing. The Defendant acknowledges that she/he understands that the entry of a forfeiture money judgment is part of the sentence that will be imposed in this case and waives any failure by the Court to advise him/her of this, pursuant to Rule 11(b)(1)(J) or otherwise, at any time his/her guilty plea is accepted.

9. The Defendant agrees that the United States shall, at its option, be entitled to the forfeiture of any property (substitute assets) of the Defendant up to the value of the money judgment. The Court shall retain jurisdiction to settle any disputes arising from application of this clause. The Defendant agrees that forfeiture of substitute assets as authorized herein shall not be deemed an alteration of the Defendant's sentence. The Defendant understands that she/he is jointly and severally liable for payment of the money judgment, along with any co-defendants against whom a money judgment is imposed.

10. The Defendant agrees to take all steps necessary to identify and locate all substitute assets and to transfer custody of such assets to the United States before the Defendant's sentencing. The Defendant agrees to take all steps necessary to assist the Government in obtaining clear title to any substitute assets before the Defendant's sentencing. In addition to providing full and complete information about substitute assets, these steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and signing of any other documents necessary to effectuate such transfers.

**Merger and Other Provisions**

11. The Attorneys for the Government agree to recommend that the Defendant not be prosecuted for any similar or related state crimes, stemming from conduct from on or about July 26, 2022 through on or about August 11, 2022, so long as the Defendant complies

with the terms of this Plea Agreement. The Defendant understands that this is only a recommendation and is not binding upon the York County Solicitor's Office. Furthermore. the Defendant fully understands that he/she has no right to withdraw his/her guilty plea should such recommendation not be followed by the York County Solicitor's Office.

12. The Defendant represents to the court that he/she has met with his/her attorney on a sufficient number of occasions and for a sufficient period of time to discuss the Defendant's case and receive advice; that the Defendant has been truthful with his/her attorney and related all information of which the Defendant is aware pertaining to the case; that the Defendant and his/her attorney have discussed possible defenses, if any, to the charges in the Indictment including the existence of any exculpatory or favorable evidence or witnesses, discussed the Defendant's right to a public trial by jury or by the Court, the right to the assistance of counsel throughout the proceedings, the right to call witnesses in the Defendant's behalf and compel their attendance at trial by subpoena, the right to confront and cross-examine the Government's witnesses, the Defendant's right to testify in his/her own behalf, or to remain silent and have no adverse inferences drawn from his/her silence; and that the Defendant, with the advice of counsel, has weighed the relative benefits of a trial by jury or by the Court versus a plea of guilty pursuant to this Agreement, and has entered this Agreement as a matter of the Defendant's free and voluntary choice. and not as a result of pressure or intimidation by any person.

13. The Defendant is aware that 18 U.S.C. § 3742 and 28 U.S.C. § 2255 afford every defendant certain rights to contest a conviction and/or sentence. Acknowledging those rights, the Defendant, in exchange for the concessions made by the Government in this Plea Agreement, waives the right to contest either the conviction or the sentence in any direct

appeal or other post-conviction action, including any proceedings under 28 U.S.C. § 2255. This waiver does not apply to claims of ineffective assistance of counsel, prosecutorial misconduct, or future changes in the law that affect the Defendant's sentence. This agreement does not affect the rights or obligations of the Government as set forth in 18 U.S.C. § 3742(b). Nor does it limit the Government in its comments in or responses to any post-sentencing matters.

14. The Defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

15. If the Defendant complies with all the terms of this Agreement, both parties agree that the appropriate disposition of this case (irrespective of any fines and/or forfeitures) is a sentence of **15 years to 30 years' incarceration**, followed by the appropriate statutory term of supervised release. In the event that the Defendant complies with all terms of this Agreement and the Court declines to impose this sentence, either party will have the right to withdraw his/her Federal Rule of Criminal Procedure Rule 11(c)(1)(C) plea. If the Defendant does not comply with all the terms of this Agreement, the United States will seek the maximum sentence allowed by law and the Defendant will not be allowed to withdraw his/her plea.

16. The Defendant also understands that by pleading guilty, he/she will be required to register as a sex offender upon his/her release from prison as a condition of his/her supervised release pursuant to 18 U.S.C. § 3583(d). Defendant also understands that independent of

supervised release, he/she will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout his/her life.

17. The parties hereby agree that this Plea Agreement, together with any written provisions disclosed during the Rule 11 plea hearing in accordance with Fed. R. Crim. P. 11(c)(2), contain the entire agreement of the parties; that this Agreement supersedes all prior promises, representations and statements of the parties; that this Agreement shall not be binding on any party until the Defendant tenders a plea of guilty to the court having jurisdiction in this matter; that this Agreement may be modified only in writing signed by all parties; and that any and all other promises, representations and statements, whether made prior to, contemporaneous with or after this Agreement, are null and void.

11.5.26
Date

Hassanbunhussein Abolore Lawal
Defendant

11/5/26
Date

Katherine C. Evatt, Esquire
Josh Kendrick, Esquire
Defense Attorneys

BRYAN P. STIRLING
UNITED STATES ATTORNEY

11/5/26
Date

Elliott B. Daniels (Fed. No. 11931)
Elle E. Klein (Fed. No. 12941)
Assistant United States Attorneys